IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCIA LEE GUSTAFSON,                                Civ. No. 10-6254-AA

       Plaintiff,                                    OPINION AND ORDER

      v.

MICHAEL J. ASTRUE
Commissioner of Social Security,

       Defendant.

---

KATHRYN TASSINARI
MARK A. MANNING
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
Attorneys for Plaintiff

1      - OPINION AND ORDER

BRETT EDWARD ECKELBERG
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

ADRIAN L. BROWN
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97201-2902

JORDAN D. GODDARD
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

AIKEN, Chief Judge:

Plaintiff Marcia Gustafson brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final administrative decision of the Commissioner of Social Security denying her applications for disability insurance benefits under Title II and Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act. The parties agree that the case should be reversed and remanded. The issue is whether this Court should remand for further administrative proceedings or for a finding of disability with an immediate payment of benefits.

## BACKGROUND

On October 31, 2007, Plaintiff protectively filed applications for disability benefits, alleging disability since February 1, 2004, due to Attention Deficit Hyperactivity Disorder (ADHD), paranoid personality disorder, and arthritis. Tr. 94-102, 110-11. Her applications were denied initially and upon reconsideration. Tr. 54-70. An ALJ held a hearing on July 21, 2009, where Plaintiff appeared

2      - OPINION AND ORDER

and testified, represented by an attorney. Tr. 26-49. A vocational expert also testified. Tr. 26-49. On

July 31, 2009, the ALJ issued a decision denying Plaintiff's claims (Tr. 7-18). On June 18, 2010,

the Appeals Council denied Plaintiff's request for review, Tr. 1-3, making the ALJ's decision to deny

benefits the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481, 422.210 (2011). This

appeal followed.

## STANDARD OF REVIEW

This Court has discretion to remand for further administrative proceedings or for a finding

of disability. See 42 U.S.C. § 405(g); Harman v. Apfel, 211 F.3d 1172, 1177-78 (9th Cir. 2000). The

Ninth Circuit has held that "remand for further proceedings is unnecessary if the record is fully

developed and it is clear from the record that the ALJ would be required to award benefits."

Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).The court may credit evidence and

remanded for an award of benefits where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is clear from the record that the
> ALJ would be required to find the claimant disabled were such evidence credited.

Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). However, if there are unresolved issues, and

the record does not clearly require a finding of disability, the court should remand for further

proceedings to remedy defects in the original administrative proceedings. See id.; McAllister v.

Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler,

782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability

to engage in any substantial gainful activity by reason of any medically determinable physical or

3      - OPINION AND ORDER

mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is deemed not disabled. In the present case, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period of alleged disability. Tr. 12.

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). Here the ALJ found that the plaintiff had the following severe impairments: attention deficit/hyperactivity disorder (ADHD), personality disorder - paranoid, and fibromyalgia. Tr. 12. Thus the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ did not find that plaintiff had an impairment or combination of impairments that was either among the listed impairments or medically equivalent to any of the listed impairments. Tr. 13.

4     - OPINION AND ORDER

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is so able, then the Commissioner finds the claimant not disabled. In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting. Social Security Regulation (SSR) 96-8p. The ALJ assessed the plaintiff's RFC and found that she had the ability to perform light, unskilled work that did not involve more than six hours of sitting, standing, or walking in an eight-hour work day, and no contact with the general public. Tr. 14. Based on his evaluation of plaintiff's RFC, the ALJ found that she was unable to perform any past relevant work. Tr. 16-17.

In step five, the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). If the ALJ meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966. If the Commissioner fails to meet this burden, then the claimant is deemed disabled.

Relying on the Medical-Vocational Guidelines and vocational expert testimony, the ALJ found that plaintiff could perform other work existing in the national economy, including bindery machine feeder, laundry sorter, and folding machine operator. Tr. 17. Therefore, the ALJ found plaintiff was not disabled within the meaning of the Act. Tr. 18.

DISCUSSION

The plaintiff claims that the ALJ erred by failing to give clear and convincing reasons for rejecting plaintiff's testimony, by failing to include the limitations identified by Dr. Wagener, an

examining psychologist, and by not crediting lay witness testimony. She claims that, as a result of these errors, the ALJ erred in his assessment of plaintiff's residual functional capacity. The Commissioner concedes that the ALJ erred in his evaluation of Dr. Wagener's opinion, plaintiff's testimony, and lay witness testimony, and that as a result of these errors the ALJ's step five finding is insufficient. However, the Commissioner argues that unresolved issues in the record require this Court to reverse and remand for further proceedings. Plaintiff argues further proceedings are unnecessary and this Court should reverse and remand for benefits.

### A. The ALJ erred by discrediting the the psychologist's opinion evidence, the lay witness report, and plaintiff's subjective complaints of pain

Plaintiff first argues that the ALJ erred by rejecting the opinion of the examining psychologist, Dr. Wagener. "The opinion of an examining physician is . . . entitled to greater weight than the opinion of a non-examining physician." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Id. "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

Plaintiff claims disability due to ADHD, paranoid personality disorder, arthritis, depression, and pain. Tr. 63, 67. The function report she completed alleges her inability to read and write and her inability to concentrate. Tr. 133, 135. The third-party function report by Mr. deRonden-Pos similarly asserts that the plaintiff suffers from arthritis, ADD, and paranoia disorder, and it reflects plaintiff's claim that she is unable to read. Tr. 150. Additionally, the reports from plaintiff's counselors, Barbara Alexander, RN MA, and Patricia Jerrett, PMHNP, while they may not be

6      - OPINION AND ORDER

appropriate for diagnosis, are consistent with her complaints of paranoia, inability to concentrate,

and inability to read and write. Tr. 234-298. Dr. Wagener's report confirmed several of these

complaints as well:

> [Plaintiff] did not appear to be exaggerating symptoms . . . . Her ability to understand
> and remember instructions appears to be substantially impaired, particularly if
> instructions were in written form. The ability to sustain concentration and maintain
> attention and to persist at tasks would also be substantially impaired by the ADHD
> symptoms. If she were in an interpersonal situation she would be unlikely to engage
> in appropriate social interactions.

Tr. 304.

Nevertheless, in making the assessment of the plaintiff's RFC, the ALJ made the following

determinations:

> The evidence of record also includes a report of the June 2008 psychodiagnostic
> evaluation performed by Dr. Wagener . . . .   Dr. Wagener concluded that the
> claimant's mental impairments would substantially impair her ability to understand
> and remember instructions, maintain concentration and attention on a sustained basis,
> and limit her capacity to engage in appropriate social interactions (Ex. 10F, 5). The
> residual functional capacity set forth above accounts for the limitations cited by Dr.
> Wagener - but the undersigned notes that the claimant's ability to perform volunteer
> work up to 20 hours a week suggests that the claimant remains capable of performing
> work under certain circumstances. Dr. Wagener's opinion is therefore given great
> weight to the extent it is consistent with the residual functional capacity found herein.

Tr. 15. In other words, the ALJ discounted Dr. Wagener's opinion because of plaintiff's volunteer

work.

Plaintiff testified, however, that the volunteer work at the Wildlife Department consisted of

working at an isolated fish hatchery in exchange for keeping her trailer home at the park. Tr. 31-36.

She also testified that she was worried she would not be able to stay there because she could not

keep up with the intense physical demands of the work and she had problems with even the small

amount of social interaction she encountered there. Tr. 31-34. When asked how much of her duties

7      - OPINION AND ORDER

she actually performed, she stated that "the last couple months I've been trying to get my body back to where it's not so sore. I've been in bed a lot . . . I think they had on a piece of paper 20 hours a week, but I wasn't able to do that, either." Tr. 32. Despite this testimony, the ALJ concluded that plaintiff was able to work 20 hours per week. The ALJ did not give a reason for discrediting plaintiff's testimony regarding her volunteer work, nor did he state why the work was cause to discredit Dr. Wagener.

In fact, whether or not she was able to perform the hard physical labor associated with her volunteer work has no bearing on Dr. Wagener's assessment of her psychological and mental capacity to understand instructions, maintain concentration and attention, and socially interact. The ALJ did not give a clear and convincing reason for discrediting this assessment by an examining doctor.

Additionally, in discrediting Dr. Wagener's opinion, the ALJ did not specifically rely upon evaluations by non-examining psychological consultants Dorothy Anderson, Ph.D., and Robert Henry, Ph.D. However, he did give their opinions "great weight," and to the extent that their opinions were given more weight than the opinion of Dr. Wagener, the court finds that the ALJ erred. See Benecke v. Barnhart, 379 F.3d 587, 592 (9th Cir. 2004) ("opinions of . . . non-examining doctors are entitled to less weight than doctors who treated or examined [the claimant]); accord Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). Therefore, I find the ALJ failed to provide legally sufficient reasons to reject Dr. Wagener's opinion.

Next, plaintiff argues that ALJ erred by improperly discrediting lay witness testimony. "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane

8    - OPINION AND ORDER

to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Plaintiff's friend Mr.
deRonden-Pos filed a third party function report, which was consistent with plaintiff's complaints
of arthritis, ADHD, paranoia disorder, and her inability to read. Tr. 150. By contrast, the ALJ's
decision states:

> The claimant's friend, Henry deRonden-Pos, submitted a Third Party Function
> Report in December 2007 stating that the claimant's impairments prevent her from
> working, or even having a "normal life." With regard to social activities, however,
> Mr. DeRondan-Pos reports that the claimant talks on the phone with family, attends
> church, and goes to fish docks and parks on a regular basis. While Mr. DeRonden-
> Pos also reports that the claimant can no longer "deal with people," the fact that she
> can perform such activities suggests her social functioning is not as disabling as the
> claimant alleges. His observations do not provide sufficient support to alter the
> residual functional capacity arrived at here in, as they are not fully consistent with the
> medical and other evidence of record.

Tr. 17. Thus, the ALJ failed to credit the lay witness testimony that supported plaintiff's own
testimony and complaints of arthritis, ADHD, paranoia, and illiteracy, yet he used the same report
as evidence of her ability to her interact socially. Mr. deRonden-Pos's statements do not address
how she interacts with people during the social activities outlined, and the ALJ did not give a reason
for crediting only a portion of the report. The ALJ erred by not giving a legally sufficient reason for
discrediting his testimony.

Finally, plaintiff asserts that the ALJ erred in his credibility determination. "Under the Cotton
test, a claimant who alleges disability based on subjective symptoms 'must produce objective
medical evidence of an underlying impairment which could reasonably be expected to produce the
pain or other symptoms alleged.'" Smolen, 80 F.3d at 1281 (citing Bunnell v. Sullivan, 947 F.2d
341, 344 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986)). "The Cotton
test imposes only two requirements on the claimant: (1) she must produce objective medical
evidence of an impairment or impairments; and (2) she must show that the impairment or

9      - OPINION AND ORDER

combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom." Id. at 1282. "The claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Id. "Thus it is improper as a matter of law for an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings." Cotton, 799 F.2d at 1407.

In this case, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [her] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below." Tr. 15. The ALJ, citing Dr. Lewis' report, went on to discredit plaintiff's complaints of pain because they were not "fully supported by objective medical evidence." Tr. 15. Dr. Lewis found that "her subjective complaints and tender points far outweigh[ed] any structural changes," and she exhibited "5/5 motor strength in all extremities, and retained sensation and reflexes." Tr. 15, 215-19. The ALJ also noted that medical imaging of plaintiff's lumbar spine was "unremarkable." The ALJ found, therefore, that "[s]uch findings are not consistent with the level of severity alleged by the claimant." Tr. 15. However, once the ALJ finds that the claimant meets the Cotton test, he cannot reject her testimony regarding the severity of the symptoms she has alleged. The ALJ erred in this case by attempting to do that very thing.

Additionally, Dr. Lewis' report found that the "best fit" diagnosis for plaintiff's complaints would be fibromyalgia. Tr. 219. In other cases based on fibromyalgia, the Ninth Circuit has held that an ALJ errs when he or she requires objective medical evidence "for a disease that eludes such

10    - OPINION AND ORDER

measurements." Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2003); Benecke, 379 F.3d at 594. "Moreover, a growing number of courts . . . have recognized that fibromyalgia is a disabling impairment and that 'there are no objective tests which can conclusively confirm the disease.'" Green-Younger, 335 F.3d at 108 (quoting Preston v. Sec. of Health and Human Servs., 854 F.2d 815, 818 (6th Cir.1988)). Thus, the ALJ erred in this case by requiring such objective tests and discounting plaintiff's testimony regarding her physical symptoms of pain.

Because the ALJ failed to provide legally sufficient reasons for rejecting the examining psychologist's opinion, and the lay witness report regarding plaintiff's mental capacity to understand instructions, maintain concentration and attention, and socially interact, and the Commissioner cites nothing in the record that contradicts such evidence, I credit the evidence as true. See Benecke, 379 F.3d at 594; Harman, 211 F.3d at 1179; Smolen, 80 F.3d at 1281-83; Varney v. Sec'y of Health and Human Servs., 859 F.2d 1396, 1398 (9th Cir.1988). The ALJ also erred by discrediting plaintiff's subjective complaints of pain. However, it is not clear whether plaintiff's physical complaints should be credited as true based on Dr. Lewis' report and the record as a whole. Even if they should be credited, it is unclear how they would affect her daily life and abilities to work. As discussed in the next section, the record must be further developed on this point in order to make a disability determination.

### B. Remand for Further Proceedings

Plaintiff asserts that this Court should remand for an award of benefits, but the ALJ argues that remand for further proceedings is necessary. "[I]n cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, [the Ninth Circuit has] remanded for further proceedings rather than payment of benefits."

11   - OPINION AND ORDER

Harmen, 211 F.3d at 1180. However,

> in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate.

Benecke, 379 F.3d at 595.

In this case, the ALJ did not present the correct hypothetical situations to the vocational expert in order to determine the extent of plaintiff's limitations and ultimate disability. The ALJ relied on vocational expert testimony that an individual with the claimant's age, education, work experience, and residual functional capacity, as determined by the ALJ, "would be able to perform the requirements of representative occupations such as bindery machine feeder, laundry sorter, and folding machine operator." Tr. 17 (emphasis and parenthetical information on occupational titles omitted). The ALJ also asked about a person with the same limitations, "but this person would be unable to maintain attention and concentration for any extended period, even a two-hour period." Tr. 47. The vocational expert responded that this would rule out competitive employment: "There wouldn't be any jobs a person could do." Tr. 47.

On cross-examination, plaintiff's attorney posed a third hypothetical situation with the limitation that this person "would not respond appropriately to criticism by supervisors." Tr. 48. The vocational expert testified that if it was "on a regular basis, she would not be able to maintain employment." Tr. 48.

Crediting as true Dr. Wagener's opinion and the lay witness report, the plaintiff has recurring physical and psychological symptoms that substantially impair her ability to understand and remember instructions, her ability to maintain concentration and attention, and her ability to socially interact in an appropriate way. Although the vocational expert was asked about a hypothetical

12    - OPINION AND ORDER

person with the inability to concentrate, the limitation that was given - an inability to concentrate for "even up to two hours" - was not an accurate limitation as specified by the evidence. Dr. Wagener did not impose such a limitation.

In addition, the ALJ erred in rejecting plaintiff's complaints of pain, and both the ALJ and plaintiff's attorney failed to give a hypothetical to the vocational expert consistent with plaintiff's specific limitations as set forth in the record. Therefore, I find that outstanding issues remain, and remand for direct benefits is inappropriate. Further proceedings are necessary to evaluate plaintiff's physical limitations and to determine whether she can perform other work in light of her physical and mental limitations.

## CONCLUSION

On remand, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion. Plaintiff's subjective complaints shall be assessed pursuant to the standard articulated in Smolen, 80 F.3d at 1284, and Dr. Wagener's opinion, and Mr. deRonden-Pos' testimony shall be credited as true. The clerk is directed to enter Judgment in accordance with this opinion.

IT IS SO ORDERED.

Dated this _30th_ day of November, 2011.


_____
Ann Aiken
United States District Judge


13   - OPINION AND ORDER